**KEEFE BARTELS, LLC**
170 Monmouth Street
Red Bank, New Jersey 07701
(732) 224-9400
(732) 224-9494 (fax)
*Attorneys for Plaintiff and the Proposed Class and Subclasses*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA CAMPBELL, individually, and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>HEARTLAND PAYMENT SYSTEMS, INC.,<br><br>          Defendant. | Civil Action No.<br><br><br><br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |

Plaintiff, Melissa Campbell, on behalf of herself and others similarly situated (the putative "Class"), by way of Complaint against the above-named Defendant, says as follows:

**INTRODUCTION**

1.  This Class Action seeks monetary and injunctive relief to redress the unlawful practices followed by Defendant, Heartland Payment Systems, Inc. ("HPS" or "Defendant"), in connection with its failure to continue paying certain "Residual Commissions" to "Vested" employees in positions including, but not limited to, Relationship Manager, Territory Manager, Division Manager, and Regional Manager (hereinafter collectively referred to as "Vested Employees").

2.  As more particularly described below, Defendant induced Plaintiff into an "commission-only" employment relationship, in exchange for the ability to attain vested status

for Residual Commissions in perpetuity (even after separation from employment); and then, without any justification, Defendant stopped paying certain Residual Commissions to former Vested Employees.

3.      Plaintiff brings this action on behalf of herself and all other similarly situated employees of Defendant.   Plaintiff seeks compensatory and statutory damages, as well as injunctive relief, and such other, further relief as this Court deems appropriate, including but not limited to attorney's fees and costs.

## PARTIES

4.      Plaintiff, Melissa Campbell, is a resident of Denville, New Jersey

5.      Upon information and belief and at all times mentioned in this Complaint, Defendant HPS is a domestic profit corporation authorized to do business under the laws of the State of Delaware, with Headquarters in New Jersey; and it regularly conducts business and hires employees throughout the state of New Jersey.

6.      Upon information and belief and at all times mentioned in this Complaint, Defendant HPS's main business address is 300 Carnegie Center, Princeton, County of Mercer, State of New Jersey.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is a citizen of a state other than that of Defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

8.      This Court has personal jurisdiction over Defendant because it is incorporated in New Jersey and conducts regular and continuous business in New Jersey.

9.      Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant is headquartered in the State of New Jersey and because Defendant has caused harm to Class members residing in this District.

## BACKGROUND

10.     Plaintiff Melissa Campbell (hereinafter "Campbell") was employed (initially under her maiden name, Melissa Jacobsen) by Defendant HPS commencing in or about January 2008 as a Relationship Manager – a sales position.

11.     At some point later in 2008, she was promoted to Territory Manager – a sales manager position.

12.     In or about November of 2010, Campbell voluntarily returned to the position of Relationship Manager.

13.     Effective March 31, 2011, Campbell achieved "Vested Status".  See, attached as Exhibit A, a copy of the "Vested Relationship Manager Agreement" between Campbell and HPS.  Paragraph 3 of the Agreement, under the term "Vesting", states as follows:

> "As a Vested RM, unless RM's employment is terminated for cause as defined herein, and subject to the rights of HPS to purchase portfolio equity pursuant to Section 4 hereof, RM shall continue to receive Residual Commissions so long as merchants signed by RM continue to process bankcard, gift card, check services or payroll transactions through HPS …."

14.     In addition, HPS states in its 2014 10-K that:

> "We pay our salespersons residual commissions based on the gross margin generated from the monthly processing activity of SME, payroll, and loyalty marketing merchant accounts signed by them. We refer to these residual

commissions as the 'owned' portion of such commissions, or 'portfolio equity'. <u>The salesperson has no obligation to perform additional services for the merchant for so long as the merchant continues processing with us.</u>" (Emphasis added)

…

"<u>Vested status entitles the salesperson to his or her residual commissions for as long as the merchant processes with us</u>, even if the salesperson is no longer employed by us." (Emphasis added)

15.     Prior to her voluntary resignation, in or about October of 2012, Campbell established relationships with merchants and she earned (and was paid) Residual Commissions in connection with products and/or services (bankcard, gift card, check services and/or payroll transactions, and related products and services) she sold under the American Express program.

16.     After Campbell voluntary resigned, Defendant HPS continued to pay Vested Residual Commissions to her.

17.     After January of 2015, Defendant HPS stopped paying to Plaintiff Campbell her Vested Residual Commissions for the merchants to whom she sold products and/or services under the American Express program – which merchants continued to use said services (i.e. continued to "process with" HPS), and for which services American Express continued to pay HPS.

18.     HPS did not provide Campbell with a reason, warning, or explanation for discontinuing these Vested Residual Commissions; and did not offer to purchase her "Portfolio Equity" pursuant to Section 4 of the "Vested Relationship Manager Agreement".

19.     Plaintiff was not terminated for cause.

20.    HPS had no contractual or other right to discontinue payment of the subject vested commissions to Campbell – to which she is entitled, even after her separation from employment.

## CLASS ALLEGATIONS

21.    Pursuant to *R.* 4:32-1, Plaintiff brings this action on behalf of herself and all other persons similarly situated.  The Class is defined to include:

> **All Vested Relationship Managers, Territory Managers, Division Managers, and Regional Managers, formerly employed by Heartland Payment Systems, Inc., who were receiving Residual Commissions under an American Express Program prior to and/or through January of 2015, but ceased receiving same thereafter; and who were not terminated for cause (as defined by vesting agreement).**

22.    There are questions of law and fact that are common to all members of the Class, which predominate over any question affecting only individual Class members.

23.    The Class is ascertainable from Defendant's employment and payment records.

24.    The principal common issues include, but are not limited to, whether Defendant breached its Vested Relationship Manager Agreements with Plaintiff and the Class members, and when Defendant stopped paying Residual Commissions to Plaintiff and the Class members.

25.    Plaintiff's claims are typical of the claims of the Class because the claims are based on the same legal and remedial theories and each Class member was not paid, or underpaid, in some way, in breach of employment contract, and in violation of law.

26.    Plaintiff Campbell will fairly and adequately protect the interests of all Class members in the prosecution of this action and in the administration of all matters relating to the claims stated herein.

27.    Plaintiff Campbell is similarly situated with, and has suffered similar injuries as, the Class members that she seeks to represent.

28.    Plaintiff Campbell has retained counsel experienced in complex litigation and class action cases.

29.    Neither Plaintiff Campbell nor counsel has any interest that may cause them to not vigorously pursue this action.

30.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because:

a)    Concentration of the litigation concerning this matter in this Court is desirable;

b)    Failure of justice will result from the absence of a class action; and

c)    The Class and the difficulties likely to be encountered in the management of this class action are negligible.

d)    The Class is so numerous as to make it impracticable to join all members of the Class as plaintiffs.

## COUNT ONE
### (Breach of Contract)

31.    Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs of this Complaint as if they were set forth in full herein.

32.    Defendant offered employment contracts to Plaintiff and the Class members.

33.    Plaintiff and the Class members accepted said employment contract by signing any and all of Defendant's agreement(s), and by performing under the terms of those agreement(s).

34.     Pursuant to the terms of their employment agreement(s), Plaintiff and the Class members sold products/services, and was therefore entitled to the commissions for same, until or unless terminated "for cause", or the merchants to whom they sold products/services stopped processing transactions through HPS.

35.     Plaintiff and the Class members were not terminated "for cause".

36.     Upon information and belief, the merchants to whom Plaintiff and the Class members sold products/services have continued to process transactions through HPS, and HPS has continued to receive revenue from American Express for those merchants' transactions, beyond January of 2015.

37.     Plaintiff and the Class members performed all terms and conditions of the employment relationship and contract(s) with Defendant.

38.     Defendant has failed to perform the terms and conditions of its employment relationship with the Plaintiff and the Class members, in ways that include, but are not limited to, not continuing to pay to Plaintiff all of the Vested Residual Commissions, beyond January 2015.

39.     As a result, Plaintiffs and the Class members have been damaged.

**COUNT TWO**
**(Unjust Enrichment)**

40.     Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs of this Complaint as if they were set forth in full herein.

41.     Defendant has been enriched by its acts, omissions and/or contractual breaches as described in Count One above.

42.     Defendant's acts, omissions and/or contractual breaches allowed the Defendants to acquire the use and benefit of Plaintiff's and the Class members' Vested Residual

Commissions that HPS would not have acquired but for its acts, omissions and/or contractual breaches.

43.     Plaintiff and the Class members suffered damages due to Defendant's acts, omissions and/or contractual breaches.

44.     Defendant has been unjustly enriched as a result of its acts, omissions and/or contractual breaches.

45.     Defendant lacks any legal justification for having engaged in the acts, omissions and/or contractual breaches alleged herein at Plaintiff's and the Class members' expense.

46.     No other remedy at law can adequately compensate Plaintiff and the Class members for the damages occasioned by Defendant's conscious choice to engage in the acts, omissions and/or contractual breaches alleged herein.

**COUNT THREE**
**(Promissory Estoppel)**

47.     Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs of this Complaint as if they were set forth in full herein.

48.     Defendant made common statements, representations, assertions and declarations which constitute a clear and definite promise to pay all sums due and owing to Plaintiff and the Class members.

49.     Defendant's promise was made with the expectation that Plaintiff and the Class members would rely on same.

50.     Plaintiff and the Class members reasonably relied on Defendant's promise to pay all sums due and owing.

51.     Plaintiff and the Class members suffered a definite and substantial detriment in their reliance on Defendant's promise to pay all sums due and owing.  Plaintiff and the Class

members lost substantial sums of money, and continue to lose money, as a result of relying on Defendant's promise to pay all sums due and owing.

52.    Consequently, Defendant should be estopped from asserting or claiming that there were no contracts or agreements between Defendant and Plaintiff and the Class members, or that it did not agree to pay all sums due and owing to Plaintiff and the Class members.

## COUNT FOUR
### (Equitable Estoppel)

53.    Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs of this Complaint as if they were set forth in full herein.

54.    Defendant participated and engaged in action, inaction, representations, misrepresentations, silence and/or omission which constitute conduct that caused a detrimental change in position based on the reasonable reliance of Plaintiff and the Class members.

55.    Based on the Defendant's conduct, Plaintiff and the Class members reasonably expected to receive all sums due and owing to Plaintiff and the Class members.

56.    Plaintiff and the Class members reasonably relied on Defendant's conduct, action, inaction, representations, misrepresentation, silence and/or omission.   Plaintiff and the Class members expected to receive repayment pursuant to the contracts and/or agreements executed by agreed upon by the parties.

57.    Plaintiff and the Class members suffered a definite and substantial detriment in their reliance on Defendant's conduct.

58.    Consequently, Defendant should be estopped from asserting or claiming that there was no contract or agreement between Defendant and Plaintiff (and the Class members), or that Defendant did not agree to pay all sums due and owing to Plaintiff and the Class members.

## COUNT FIVE

## (Breach of Implied Covenant of Good Faith and Fair Dealing)

59.    Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs of this Complaint as if they were set forth in full herein.

60.    Defendant and Plaintiff (and the Class members) are in contract with one another concerning the subject Vested Residual Payments; and every contract imposes the duty of good faith and fair dealing upon the parties in performance and enforcement of the contract.

61.    Defendant acted in bad faith by not giving equal consideration to the interests of the Plaintiff and the Class members as they have their own interests.  HPS has wrongfully and intentionally breached the duty of good faith and fair dealing by denying Plaintiff and the Class members the compensation to which they are entitled under their employment agreements.

62.    Defendant HPS's breaches of the covenant of good faith and fair dealing have proximately and directly caused damages to Plaintiff and the Class members.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court issue an Order and grant Judgment to the Plaintiff and the Class members as follows:

a)  Certifying this action as a Class Action pursuant to the Federal Rules of Civil Procedure;

b)  Naming Plaintiff Melissa Campbell as the representative of the absent Class members;

c)  Appointing Keefe Bartels, LLC as Class Counsel for all purposes in this action;

d)  Granting Plaintiff and Class members compensatory and statutory relief, common law and punitive damages, and applicable pre- and post-judgment interest, in full recompense for their damages;

e)  Enjoining Heartland Payment Systems, Inc. from violating any applicable contracts for payment of compensation to Plaintiff and the Class members and from violating any

applicable statutory or case law;

f) Entering judgment according to the injunctive, equitable and declaratory relief sought;

g) Granting Plaintiff and Class members such other and further relief as the Court deems just in all the circumstances;

h) Granting an Incentive Award to Plaintiff as Class Representative for her impartial, loyal and dedicated service to the Class; and

i) Granting Class Counsel an award of their attorneys' fees and costs of suit, reflective of the work done in prosecuting this action, the time spent, the effort and hard costs invested, and results obtained, in light of the Court's judgment informed by awards in other similar cases of comparable difficulty and complexity.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all of the issues contained herein.

## DESIGNATION OF TRIAL COUNSEL

John E. Keefe, Jr., Esq. is hereby designated as trial counsel for Plaintiff in the within matter.

**KEEFE BARTELS, LLC**
Attorneys for the Plaintiffs

Dated: February 26, 2016

/s/ *Paul A. DiGiorgio*
PAUL A. DIGIORGIO, ESQ.
John E. Keefe, Jr., Esq.
170 Monmouth Street
Red Bank, NJ 07701
Ph.  (732) 224-9400
Fax. (732) 224-9494
pdigiorgio@keefebartels.com